# White *et al. v.* Littlefield.

The awarding of costs on a proceeding in the probate court is a matter in the sound discretion of the court, according to the rule in a court of chancery.

IN ERROR from the probate court of the county of Ponola.

HAWKINS for plaintiff in error.

MILLER *contra.*

Opinion of the court by Mr. Justice TURNER.

. The defendant in error applied to the probate court at the October term, 1841, for letters of guardianship to the minor heirs of John H. White, deceased, and the court ordered notice of the application to be issued, requiring all persons interested to appear at the next term and show cause why such letters should not be granted. At the same October term the plaintiffs also applied for the guardianship; and the matter stood over, by continuances, at the instance of the plaintiffs, until the December term 1841, when the defendant withdrew his application, and the court appointed plaintiffs guardians of said minor heirs, and ordered that the defendant be taxed with the costs of his application for letters of guardianship, and the cost of his witnesses; and further ordered that the plaintiffs be taxed with the costs of their own witnesses, from which order the plaintiffs prayed an appeal, in the nature of a writ of error; and the question raised for the consideration of this court is, whether the court below erred in ordering the plaintiffs to pay costs.

By the 8th sec. of the orphans' court law, Revised Code, p. 29, it is provided, that in all cases of contest, the orphans' court may award costs to the party, in their opinion, entitled thereto, and may compel payment, &c. In this particular, the rule is the same, as

White *et al. v.* Littlefield.

in chancery cases.' The awarding of costs in those courts is a matter in the sound discretion of the court. In the present case, we think it was properly exercised. Littlefield was the first applicant. It does not appear that he either sought or expected a controversy. It is said that he was the step-father of those children, and there is certainly nothing reprehensible in a' step-father asking to be appointed guardian of his wife's children. He may, it is true, have been an improper person for the trust; and of that matter the orphans' court were the proper judges, and they have certainly decided right. Littlefield did not carry matters to extremes; he retired from the contest, at the second or third term after his application.

Judgment affirmed.